```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                          FOR ONLINE PUBLICATION ONLY
HERMAN MARABLE,
                        Plaintiff,

        -against-                                         MEMORANDUM
                                                          AND ORDER
JO ANNE B. BARNHART,
COMMISSIONER OF                                           04 CV 4899
SOCIAL SECURITY,
                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

A P P E A R A N C E S:

    BINDER & BINDER, P.C.
        315 Park Avenue South, Suite 1600
        New York, New York 10010
        Attorney for Plaintiff
By:   Charles E. Binder
      Kristine Kwon
      Attorneys for Plaintiff

    ROSLYNN MAUSKOPF
        United States Attorney
        Eastern District of New York
        1 Pierrepont Plaza, 14th Floor
        Brooklyn, New York 11201
By:   Keisha-Ann G. Gray
      Assistant U.S. Attorney
      Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Herman Marable seeks review of the Commissioner of Social Security's decision denying in part his claim for disability benefits. Because the Commissioner failed to satisfy her burden at step five of the sequential analysis of proving that Marable was capable of performing work that exists in the national economy in significant numbers, Marable is, on the present record, entitled to benefits for the period at issue. Because Marable's case is already more than

ten years old, I decline to grant the Commissioner another chance to make such a showing, and I remand the case solely for the calculation of benefits.

BACKGROUND

Marable first brought this claim before the Commissioner on February 16, 1996. After a hearing, an Administrative Law Judge ("ALJ") denied his claim in full, concluding that Marable retained the residual functional capacity ("RFC") to perform his past relevant work as a telephone assembler and was therefore not disabled. Marable then sought review of the Commissioner's decision in this Court pursuant to 42 U.S.C. § 405(g). In a memorandum and order dated September 12, 2000, I concluded the ALJ had failed adequately to explain her decision not to give controlling weight to the opinions of Marable's treating physicians that Marable was capable of less than sedentary work, and I remanded the case to the Commissioner for a new hearing. 2000 WL 1364402 (E.D.N.Y.). Familiarity with that opinion, and with Marable's medical history as described therein, is assumed.

On remand, the ALJ again concluded Marable was capable of performing the full range of "light work," A.R. 330-42,[1] again giving little weight to the opinions of Marable's treating physicians. The Appeals Council granted review, however, and reversed in part the ALJ's decision. Specifically, "[t]he Appeals Council [did] not adopt the [ALJ's] findings or conclusions regarding whether the claimant is disabled for the period beginning March 13, 1999." A.R. 319. Instead, the Appeals Council found that Marable "has the residual functional capacity for sedentary work," A.R. 320, and he was therefore unable to return to his past relevant work. Using the so-called "grids," the Appeals Council concluded that before March 13, 1999,

---

[1] "A.R." refers to the Administrative Record compiled by the Commissioner in this case.

2

Marable was considered a "younger person" (under age 50) and was required to adjust to other work. A.R. 320. After he obtained the age of 50, however, Marable became a person "closely approaching advanced age," and the grids relieved him of the obligation to find a new vocation. A.R. 320. Accordingly, the Appeals Council awarded Marable benefits as of his 50th birthday, but not before. Marable then brought this action seeking benefits for the period from his alleged onset date, December 30, 1994, up through his fiftieth birthday. The parties have cross-moved for judgment on the pleadings.

## DISCUSSION

The first question on review is whether the Commissioner's decision that Marable is not entitled to disability benefits for the relevant period is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). Marable is entitled to those benefits only if, "by reason of [a] medically determined physical or mental impairment which ... has lasted ... for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A), "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." *Id*. at § 423(d)(2)(A). The Commissioner divides that inquiry into the following five-step analysis:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a

3

"listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform. The claimant bears the burden of proof as to the first four steps, while the Commissioner must prove the final one.

*DeChirico v. Callahan*, 134 F.3d 1177, 1179-80 (2d Cir. 1998) (internal quotation marks and citations omitted).

The merits of this case can be disposed of quite quickly. The Appeals Council rejected the ALJ's finding that Marable is capable of performing "light work," and thus necessarily rejected the ALJ's evaluation of the medical evidence. The Appeals Council gave no explanation, however, for its decision not to give controlling weight to the opinions of Marable's treating physicians that Marable is capable of less that sedentary work.[2] *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (noting "the Commissioner is required to provide 'good reasons' for the weight she gives to the treating source's opinion."). Indeed, the Appeals Council

---

[2] 20 C.F.R. § 404.1567 defines "light work" and "sedentary work" as follows:

(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The parties agree that "the opinions of Dr. Carlisle St. Martin, Dr. Peter Lee and Dr. Robert Marini [were that] plaintiff was disabled and could not do sedentary work ...." Br. of Def. 18; see also A.R. 180-81, 206-207.

did not even acknowledge those evaluations, nor did it cite any other medical evidence supporting its finding that Marable could perform sedentary work. Because the Appeals Council both failed to follow the treating physician rule and failed to marshal evidence that Marable is capable of sedentary work, its decision with respect to the period between December 30, 1994 and March 13, 1999 must be reversed.

The second question is whether the case should be remanded for further evidentiary proceedings or solely for the calculation of benefits. As the Second Circuit explained in *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005) (on r'hrg), the shifting of the burden of proof between steps four and five is important to that inquiry. The claimant's burden at step four is to prove he has a severe impairment that prevents him from performing his past relevant work. *DeChirico*, 134 F.3d at 1180 ("[T]he fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work."). The parties agree Marable carried that burden, and the Appeals Council, by resorting to the grids, plainly proceeded to step five. A.R. 320. "At step five, the disability has been shown, and the burden shifts to the Commissioner to prove that the claimant is capable of working." *Butts*, 416 F.3d at 103 (internal quotation marks and citations omitted). *See also Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) ("Once a disability claimant proves that his severe impairment prevents him from performing his past work (i.e., at step four), the Commissioner then has the burden of proving that the claimant still retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy.") (internal quotation marks omitted); *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir. 1981) ("When the claimant has established that his impairment prevents him from returning to his previous employment, the burden shifts to the

5

[Commissioner], who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training.") (internal quotation marks omitted).

Here, the Commissioner failed to marshal substantial evidence to support her conclusion that the Marable is capable of performing sedentary work (a conclusion that is contrary to the opinions of his treating physicians), and the Commissioner has therefore failed to carry her burden at step five. As long as there is no good cause to re-open the record for further proceedings, the claimant is entitled to prevail upon that issue, and thus is entitled to benefits. *Cf. Butts*, 416 F.3d at 104 ("Because ... the Commissioner ... has the burden of showing through the testimony of a vocational expert the existence of appropriate jobs for Butts in the national economy ... he is entitled to benefits as a matter of law absent such a showing.").[3]

Marable's claim is now ten years old, almost to the day. Of course, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). But "it was well within the power of the Commissioner to fashion procedures that would have ensured that she sought to carry her fifth-stage burden on the first occasion that it fell upon her." *Butts*, 416 F.3d at 104. Though it is within my discretion to give the Commissioner another chance to carry her burden, I

---

[3] I recognize that the court in *Butts*, responding to Judge Jacobs' dissent, noted that its "holding is limited to cases where the claimant is entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs." 416 F.3d at 104. In my view, however, its reasoning covers this case as well. The Commissioner's burden at step five includes proving what the claimant's RFC is, as well as establishing that jobs are available for a person with that RFC. I see no reason why the reviewing court should be precluded from deeming the record closed where the Commissioner fails to uphold the former aspect of her burden but not the latter, particularly where, as here, the administrative process has already been completed twice.

believe fairness requires that I decline to do so.

CONCLUSION

For the reasons set forth above, the Commissioner's decision is reversed in part, and the case is remanded for the calculation of benefits.

So ordered.

Dated: Brooklyn, New York
       February 17, 2006